UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CINDY ANNETTE HAMILTON,<br><br>                  Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration[1],<br><br>                  Defendant. | NO: 12-CV-0187-TOR<br><br>ORDER GRANTING DEFENDANT'S MOTION TO REVERSE AND REMAND |

BEFORE THE COURT are the parties' cross motions for summary judgment. (ECF Nos. 17, 23). Although these matters were heard without oral

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of 42 U.S.C. § 405(g).

ORDER GRANTING DEFENDANT'S MOTION TO REVERSE AND REMAND ~ 1

argument, the Court has reviewed the administrative record and the parties' briefing and is fully informed. There being no reason to delay a decision, the hearing set for January 27, 2014 is **vacated** and this matter is submitted without oral argument. Plaintiff is represented by Randy J. Fair. Defendant is represented by Richard M. Rodriguez. For the reasons discussed below, the Court grants Defendant's motion to reverse and remand,[2] and denies Plaintiff's motion.

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g).

## FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable

---

[2] While not indicated in Defendant's motion for summary judgment (ECF No. 23), in the accompanying memorandum in support of this motion (ECF No. 24) Defendant moves to reverse and remand the case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Thus, the Court will consider the motion to reverse and remand as filed in lieu of a cross motion for summary judgment. Defendant indicates that Plaintiff was contacted in an effort to resolve this matter without intervention of the Court, but the parties were not able to agree upon the appropriate relief. ECF No. 24 at 2.

physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v); 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b); 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c);

416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d); 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§

ORDER GRANTING DEFENDANT'S MOTION TO REVERSE AND REMAND ~ 4

404.1520(f); 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1); 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c); 416.960(c)(2); *Beltran v. Astrue*, 676 F.3d 1203, 1206 (9th Cir. 2012).

///

///

ORDER GRANTING DEFENDANT'S MOTION TO REVERSE AND REMAND ~ 5

## ALJ'S FINDINGS

Plaintiff applied for Title II disability insurance benefits on January 8, 2009. The application alleged an onset date of September 11, 2008. Plaintiff's application was denied initially and upon reconsideration. Tr. 94-96, 98-99. Plaintiff filed a timely request for hearing and appeared with an attorney at a hearing before an administrative law judge ("ALJ") on November 18, 2010. Tr. 51-91. The ALJ issued his decision on January 20, 2011, finding that Plaintiff was not disabled under the Act. Tr. 29-43. On January 22, 2011, Plaintiff was awarded monthly disability benefits on a subsequently filed claim. Tr. 8-12. On March 20, 2012, the Appeals Council denied Plaintiff's request for review (Tr. 1-6), making the ALJ's decision denying benefits the Commissioner's final decision that is subject to judicial review. 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 416.1481, 422.210.

## ISSUES

Plaintiff has identified multiple issues for review, including: (1) whether the ALJ erred in his evaluation of the medical opinion testimony; (2) whether the ALJ erred in finding the Plaintiff was not credible; and (3) whether the ALJ erred in failing to hear testimony from a vocational expert. As discussed below, Defendant concedes that the ALJ committed most of these errors, with the exception of the

credibility finding which Defendant argues was not legal error and was supported by substantial evidence.[3]

## DISCUSSION

Pursuant to 42 U.S.C. § 405(g), "the court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." Whether to remand for further proceedings or simply award benefits is within the discretion of the court. *See McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Generally, when the Court reverses an ALJ decision, "[t]he proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *I.N.S. v. Orlando Ventura*, 537 U.S. 12, 16 (2002). Remand for further administrative proceedings is appropriate when enhancement of the record would be useful, and when additional administrative proceedings could remedy defects in the record. *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004); *McAllister*, 888 F.2d at 603. However, the Ninth Circuit has held that remand for immediate payment of benefits is only appropriate if "(1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can

---

[3] To the extent Plaintiff's assertions of error go beyond the scope of the errors conceded by Defendant, the Court declines to address those claims.

ORDER GRANTING DEFENDANT'S MOTION TO REVERSE AND REMAND ~ 7

be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Benecke*, 379 F.3d at 593.

Defendant seeks to reverse and remand this case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). ECF No. 24 at 2. Defendant contends remand is necessary to correct the following errors: (1) the ALJ's failure to describe Plaintiff's precise residual functional capacity; (2) the ALJ's failure to properly evaluate medical opinion evidence; and (3) the ALJ's improper reliance on the Medical Vocational Rules at step five and failure to utilize the services of a vocational expert to determine whether the claimant can perform any other work existing in the national economy. *See id*. at 10-13. However, Defendant maintains that the ALJ's credibility analysis was supported by substantial evidence and free from legal error, and asks that the ALJ's findings on credibility be upheld. *See id*. at 13-18. Defendant asks the Court to remand to the ALJ with instructions to perform:

> Further development of the record, a new hearing, and a new decision.
>
> Re-evaluate Plaintiff's impairments, all the medical source opinions of record, her residual functional capacity, findings at step three, and if necessary Plaintiff's ability to perform work at steps four and five of the sequential analysis and reconcile those findings with the subsequent agency decision finding her disabled as of January 22, 2001, two days after the ALJ's original denial of her claim.
>
> Plaintiff may present new arguments and evidence and the ALJ may perform further development and conduct further proceedings as necessary.

ORDER GRANTING DEFENDANT'S MOTION TO REVERSE AND REMAND ~ 8

*Id*. at 19.  Plaintiff did not file a reply to Defendant's motion to remand.

According to Defendant, Plaintiff's counsel was contacted in an effort to resolve this matter without intervention of the Court, but the parties were not able to agree upon the appropriate relief.  ECF No. 24 at 2.  In her motion for summary judgment, however, Plaintiff generally argues that no further hearing or remand is necessary, and asks the Court to award benefits.  ECF No. 18 at 16-18.

      Defendant concedes that the ALJ did not support his final decision with substantial evidence, nor was it free of legal error.  The Court agrees.  First, the ALJ's assessment of Plaintiff's RFC is vague, which is particularly glaring in this case because the ALJ did not rely on vocational testimony when finding Plaintiff not disabled at step five.  ECF No. 24 at 10-11.  The Court finds the ALJ should re-evaluate and make precise findings as to Plaintiff's RFC in this case.  *See* Social Security Ruling 96-8p, 1996 WL 374184 (July 2, 1996)("[t]he RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis").  Second, the ALJ erred in addressing the medical opinion evidence.  *See id*. at *7 ("[t]he RFC must always consider and address medical source opinions.  If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.").  Most notably, the ALJ erred in not explaining his

failure to adopt the opinion of Eugene Kester, M.D. indicating greater limitations than those found in the hearing decision.  Tr. 279-281.

Third, the ALJ erred in relying solely on the Medical Vocational Rules ("the Guidelines") and failing to utilize the testimony of a vocational expert.  ECF No. 24 at 11-13.  "There are two ways for the Commissioner to meet his Step Five burden: (1) the testimony of a [vocational expert]; or (2) by reference to the Medical Vocational Guidelines …. Where the claimant has significant non-exertional impairments, however, the ALJ cannot rely on the Guidelines." *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2001)(citations omitted).  Here, the record indicates the claimant had mental impairments that significantly impacted her ability to respond appropriately to the public, remember and carry out more than basic work activities, have only superficial contact with coworkers, and maintain attention, concentration, or pace.  Tr. 279-281.  Moreover, as discussed above, the ALJ did not properly evaluate Dr. Kester's opinion as to Plaintiff's mental impairments.  Thus, on remand, the ALJ should weigh the opinion of Dr. Kester and elicit testimony of a vocational expert if necessary.

The only remaining issue for the Court to consider is credibility.  If there is no evidence of malingering, the ALJ's reasons for discrediting the claimant's

testimony must be "specific, clear and convincing." [4] *Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012) (quotation and citation omitted).  The ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001).  However, "[i]f the ALJ's credibility finding is supported by substantial evidence in the record, we may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

As pointed out by Defendant, the ALJ provided a number of reasons to discount Plaintiff's credibility.  These include: (1) lack of objective evidence to support Plaintiff's allegations of a disabling impairment; (2) daily activities that were inconsistent with Plaintiff's claims of impairment; (3) evidence of symptom exaggeration; (4) evidence that Plaintiff left her last job due to a layoff instead of impairments and finding "no evidence of a significant deterioration in the claimant's medical condition since that layoff," and (5) indication that Plaintiff was "perhaps" looking for a job in 2008 (Tr. 255) and collection of unemployment benefits. Tr. 35-36.  Defendant argues that the ALJ properly supported her adverse

---

[4] The ALJ mentions a "rule out diagnosis of malingering" in his evaluation of Plaintiff's credibility.  See Tr. 35.  However, this is not a definitive diagnosis and does not appear to be relied upon by the ALJ as evidence of malingering for the purposes of this analysis.

ORDER GRANTING DEFENDANT'S MOTION TO REVERSE AND REMAND ~ 11

credibility findings with specific, clear and convincing findings which were supported by substantial evidence and free of legal error. ECF No. 24 at 13-18.

Plaintiff's only challenge to the adverse credibility determination is that the ALJ erred in finding "no significant deterioration in the claimant's medical condition" after she was laid off from work in 2008, resulting in a "reasonable inference… that the claimant's impairment(s) would not prevent the performance of that job, since it was being performed adequately at the time of the layoff despite a similar medical condition." Tr. 35. The Court agrees with Plaintiff that this finding is inconsistent with the ALJ's own finding at step four that Plaintiff could not perform past relevant work. However, taken as a whole, Plaintiff's assignment of error lacks specificity, and fails to address most of the reasons provided by the ALJ as support for his adverse credibility finding. Thus, the Court declines to further address this issue which was not argued with specificity in Plaintiff's briefing. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008).

That said, the Court also declines to uphold the ALJ's credibility finding on remand. Defendant concedes that the ALJ should conduct a new hearing to re-evaluate Plaintiff's impairments, including findings at steps three, and likely steps four and five. ECF No. 24 at 18. The Court finds the ALJ should reconsider the testimony of the Plaintiff at that time, particularly in light of Defendant's

ORDER GRANTING DEFENDANT'S MOTION TO REVERSE AND REMAND ~ 12

admission that the ALJ erred in evaluating Plaintiff's residual functional capacity, and the need to reconcile the ALJ's denial of Plaintiff's claim with the subsequent agency finding that she was disabled only two days later.

For all of these reasons, the Court finds that remand for further administrative proceedings is required to develop a sufficient record and possibly remedy defects. However, the record contains numerous outstanding issues that must be resolved, and it is not clear from the record that the ALJ would be required to find Plaintiff disabled. Thus, the Court finds a remand for an immediate award of benefits is not appropriate. *See Benecke*, 379 F.3d at 593.

Upon remand, the ALJ should conduct a new hearing, further develop the record, and issue a new decision. The ALJ should re-evaluate all of Plaintiff's impairments; all medical source opinions; Plaintiff's residual functional capacity; findings at step three, and if necessary Plaintiff's ability to perform work at steps four and five; and Plaintiff's credibility. Moreover, the ALJ should reconcile these findings with the subsequent agency decision finding her disabled as of January 22, 2011, two days after the ALJ's original denial of her claim. Plaintiff may present new arguments and evidence and the ALJ may conduct further proceedings as necessary.

//

//

ORDER GRANTING DEFENDANT'S MOTION TO REVERSE AND REMAND ~ 13

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion to Reverse and Remand, ECF No. 23, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, ECF No. 17, is **DENIED**.

3. Pursuant to sentence four of 42 U.S.C. § 405(g), this action is **REVERSED** and **REMANDED** to the Commissioner for further proceedings consistent with this Order.  This Court retains jurisdiction.

4. If and when appropriate, Plaintiff may file an application for attorney's fees and costs by separate motion.

The District Court Executive is hereby directed to file this Order, enter Judgment for Plaintiff, provide copies to counsel, and **CLOSE** this file subject to reopening when the Commissioner shall file with the Court any such additional or modified findings of fact and decision.

**DATED** April 24, 2012.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION TO REVERSE AND REMAND ~ 14